## ROBERTS v. UNITED STATES.
### No. 49614.

United States Court of Claims.
May 1, 1951.

Huston Thompson and Oscar P. Mast, Washington, D. C., for plaintiff.

J. W. Hussey, Washington, D. C., Theron Lamar Caudle, Asst. Atty. Gen., Andrew D. Sharpe, Washington, D. C., on the brief, for defendant.

Before JONES, Chief Judge, and LITTLETON, WHITAKER, MADDEN and HOWELL, Judges.

WHITAKER, Judge.

Plaintiff, Area Director of the Five Tribes Agency, sues to recover estate taxes levied on the estate of Flora Y. G. Whitebird, deceased, a restricted Indian of the Quapaw Tribe.

The authority of the United State to levy such a tax on her estate is disputed only by virtue of the provisions of the Act of April 17, 1937, c. 108, 50 Stat. 68. By this Act Congress authorized the State of Oklahoma to levy a gross production tax upon all lead and zinc produced on certain Indian lands, but subject to the proviso that this tax should be "in lieu of all other State taxes of whatsoever nature on said restricted lands or the income therefrom".

Plaintiff says that this proviso prevents the levy of all other taxes, not only by the State of Oklahoma but by the Federal Government as well.

Plainly, this is not what the Act says. It says that the gross production tax shall be in lieu of all other *State* taxes. It does not mention taxes levied by the Federal Government.

Such taxes were not in mind. Oklahoma wanted to levy this gross production tax and Congress said, all right, but you cannot levy any other sort of tax. It did not have in mind its own taxing power. The authority granted was a concession to the State of Oklahoma, in return for which Oklahoma surrendered any claim of right to levy any other sort of tax on the land or the income therefrom. There was no reason for Congress to surrender any part of its taxing

power, and there is no evidence of any intention to do so.

Plaintiff relies on Landman, Superintendent, for the estate of Jacob Pierce v. United States, 58 F.Supp. 836, 103 Ct.Cl. 199, and Landman, Superintendent, for the estate of Punskee Field v. United States, 71 F.Supp. 640, 109 Ct.Cl. 1, but these cases do not support plaintiff's position.

In the Pierce Estate case, 58 F.Supp. 836, 839, 103 Ct.Cl. 199, the Act under consideration was section 4 of the Act of May 10, 1928, 45 Stat. 495. This provides:

" * * * That the Indian owner of restricted land, if an adult and not legally incompetent, shall select from his restricted land a tract or tracts, not exceeding in the aggregate one hundred and sixty acres, *to remain exempt from taxation* and shall file with the superintendent for the Five Civilized Tribes a certificate designating and describing the tract or tracts so selected. * * *" [Italics ours.]

We held that the exemption from taxation applied not only to State taxes but to Federal taxes as well, because the exemption was in broad general terms and was not limited to any specifically named taxes. The Act in the case at bar mentions only State taxes.

The same thing is true in the Punskee Field case. Section 4 of the Act of May 10, 1928, supra, was also before the court in that case, and the holding in the Pierce case was reaffirmed.

Had this Act of May 10, 1928, read that the land should remain exempt from State taxation, our holding would have been that they were not exempt from Federal taxation.

In Superintendent of Five Civilized Tribes for Sand Fox Creek No. 1263 v. Commissioner of Internal Revenue, 295 U. S. 418, 420, 55 S.Ct. 820, 822, 79 L.Ed. 1517, the question was whether the income from a restricted allotment of a Creek Indian was subject to taxation. The Supreme Court held that it was, saying, inter alia—

"The general terms of the taxing act [Revenue Act of 1918, 40 Stat. 1057] include the income under consideration and if exemption exists it must derive plainly from agreements with the Creeks or some act of Congress dealing with their affairs."

The only Act of Congress relied upon by plaintiff in this case is the Act which exempts these lands from all other *State* taxation. There is no mention of exemption from Federal taxation.

It results that plaintiff's petition must be dismissed. It is so ordered.

JONES, Chief Judge, and HOWELL, MADDEN, and LITTLETON, Judges, concur.